MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
REYES DIAZ SANTOS and ANGELICA
MIRANDA MATEO, *individually and on
behalf of others similarly situated,*

                  *Plaintiffs*,

-against-

331 TRIBECA CLEANERS, INC. (d/b/a
GREENWICH CLEANERS), CHRIS LEE, and
SKI LEE,

                  *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Reyes Diaz Santos and Angelica Miranda Mateo, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace Esq., upon their knowledge and belief, and as against 331 Tribeca Cleaners, Inc. (d/b/a Greenwich Cleaners), ("Defendant Corporation"), Chris Lee and Ski Lee, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1. Plaintiffs are former employees of Defendants 331 Tribeca Cleaners, Inc. (d/b/a Greenwich Cleaners), Chris Lee, and Ski Lee.

2. Defendants own, operate, or control a dry cleaner, located at 331 Greenwich Street, New York, NY 10013 under the name "Greenwich Cleaners".

3. Upon information and belief, individual Defendants Chris Lee and Ski Lee, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the dry clean business as a joint or unified enterprise.

4. Plaintiffs were employed as ironers at the dry clean business located at 331 Greenwich Street, New York, NY 10013.

5. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a dry cleaner located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

13. Plaintiff Reyes Diaz Santos ("Plaintiff Diaz Santos" or "Mr. Diaz Santos") is an adult individual residing in Kings County, New York. Plaintiff Diaz Santos was employed by Defendants at Greenwich Cleaners from approximately July 2021 until on or about March 15, 2025.

14. Plaintiff Angelica Miranda Mateo ("Plaintiff Miranda" or "Ms. Miranda") is an adult individual residing in Kings County, New York. Plaintiff Miranda was employed by Defendants at Greenwich Cleaners from approximately February 2024 until on or about March 15, 2025.

15. Plaintiffs consent to being party Plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a dry cleaner, located at 331 Greenwich Street, New York, NY 10013 under the name "Greenwich Cleaners".

17. Upon information and belief, 331 Tribeca Cleaners, Inc. (d/b/a Greenwich Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 331 Greenwich Street, New York, NY 10013.

18. Defendant Chris Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Chris Lee is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Chris Lee possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Ski Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ski Lee is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ski Lee possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants,

including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20. Defendants operate a dry cleaner located in the Tribeca section of Manhattan in New York City.

21. Individual Defendants, Chris Lee and Ski Lee, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

26. Upon information and belief, Individual Defendants Chris and Ski Lee operates Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of their own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

28. In each year from 2021 to 2025, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the dry clean business on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

30. Plaintiffs are former employees of Defendants who were employed as ironers.

31. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Reyes Diaz Santos*

32. Plaintiff Diaz Santos was employed by Defendants from approximately July 2021 until on or about March 15, 2025.

33. Defendants employed Plaintiff Diaz Santos as an ironer.

34. Plaintiff Diaz Santos regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

35. Plaintiff Diaz Santos's work duties required neither discretion nor independent judgment.

36. Throughout his employment with Defendants, Plaintiff Diaz Santos regularly worked in excess of 40 hours per week.

37. From approximately July 2021 until on or about March 15, 2025, Plaintiff Diaz Santos worked from approximately 8:00 a.m. until on or about 4:00 p.m., Mondays through Saturdays (typically 48 hours per week).

38. From approximately July 2021 until on or about July 2022, Defendants paid Plaintiff Diaz Santos his wages in cash.

39. From approximately July 2022 until on or about March 15, 2025, Defendants paid Plaintiff Diaz Santos his wages by check.

40. From approximately July 2021 until on or about July 2023, Defendants paid Plaintiff Diaz Santos a fixed salary of $800 per week.

41. From approximately August 2023 until on or about November 2024, Defendants paid Plaintiff Diaz Santos a fixed salary of $867 per week.

42. From approximately November 2024 until on or about March 15, 2025, Defendants paid Plaintiff Diaz Santos a fixed salary of $902 per week.

43. Plaintiff Diaz Santos pay did not vary even when he stayed later or work a longer day than his usual schedule.

44. For example, Plaintiff Diaz Santos would work an additional 30 minutes past his scheduled departure time two times a week to make up for arriving 5 minutes late to work, and defendants did not pay him for the additional time he worked.

45. Plaintiff Diaz Santos was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46. Defendants required Plaintiff Diaz Santos to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

47. No notification, either in the form of posted notices or other means, was given to Plaintiff Diaz Santos regarding overtime and wages under the FLSA and NYLL.

48. Defendants did not provide Plaintiff Diaz Santos an accurate statement of wages, as required by NYLL 195(3).

49. Defendants did not give any notice to Plaintiff Diaz Santos, in English and in Spanish (Plaintiff Diaz Santos's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

50. Defendants required Plaintiff Diaz Santos to purchase "tools of the trade" with his own funds—including toilet paper and paper towels.

*Plaintiff Angelica Miranda Mateo*

51. Plaintiff Miranda was employed by Defendants from approximately February 2024 until on or about March 15, 2025.

52. Defendants employed Plaintiff Miranda as an ironer.

53. Plaintiff Miranda regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

54. Plaintiff Miranda's work duties required neither discretion nor independent judgment.

55. Throughout her employment with Defendants, Plaintiff Miranda regularly worked in excess of 40 hours per week.

56. From approximately February 2024 until on or about March 15, 2025, Plaintiff Miranda worked from approximately 8:00 a.m. until on or about 4:00 p.m. Mondays through Saturdays (typically 48 hours per week).

57. Throughout her employment, Defendants paid Plaintiff Miranda her wages by check.

58. From approximately February 2024 until on or about November 2024, Defendants paid Plaintiff Miranda a fixed salary of $867 per week.

59. From approximately November 2024 until on or about March 15, 2025, Defendants paid Plaintiff Miranda a fixed salary of $902 per week.

60. Plaintiff Miranda's pay did not vary even when she stayed later or work a longer day than her usual schedule.

61. For example, Plaintiff Miranda would work an additional 30 minutes past her scheduled departure time two times a week to make up for arriving 5 minutes late to work, and defendants did not pay her for the additional time she worked.

62. Plaintiff Miranda was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

63. Defendants required Plaintiff Miranda to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

64. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Miranda regarding overtime and wages under the FLSA and NYLL.

65. Defendants did not provide Plaintiff Miranda an accurate statement of wages, as required by NYLL 195(3).

66. Defendants did not give any notice to Plaintiff Miranda, in English and in Spanish (Plaintiff Miranda's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

67. Defendants required Plaintiff Miranda to purchase "tools of the trade" with his own funds—including toilet paper and paper towels.

*Defendants' General Employment Practices*

68. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week

without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

69. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

70. Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

71. Defendants habitually allowed Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

72. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

73. Defendants required Plaintiffs to sign a document the content of which they were not allowed to review in detail, in order to release their weekly pay.

74. From approximately July 2021 until on or about July 2022, Defendants paid Plaintiff Diaz Santos is wages in cash.

75. Defendants failed to post and/or keep posted at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

76. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

77. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

78. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

79. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

80. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

81. Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

82. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

83. The claims of Plaintiffs stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

84. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

86. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

87. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

88. Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

89. Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

90. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

91. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

93. Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

94. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

95. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

96. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

97. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

98. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

99. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

100. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

101. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

103. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

104. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

106. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## **SIXTH CAUSE OF ACTION**
## **VIOLATION OF THE WAGE STATEMENT PROVISIONS**
## **OF THE NEW YORK LABOR LAW**

107. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

109. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

110. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111. Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

112. Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(l) Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as

applicable

(m)  Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)  Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)  Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)  Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)  All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
March 28, 2025

MICHAEL FAILLACE ESQ.

By:   /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*